NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000444
29-NOV-2012
09:18 AM**

NO. CAAP-11-0000444

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
solely as nominee, Plaintiff-Appellee,
v.
SHARON KEHAULANI WISE, BLOSSOM ILIMA NIHIPALI,
Defendants-Appellants
and
EWA BY GENTRY COMMUNITY ASSOCIATION,
Defendant-Appellee,
and
JOHN DOES 1-50, JANE DOES 1-50,
DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50,
DOE ENTITIES 1-50 AND DOE GOVERNMENTAL UNITS 1-50,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-1064)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Foley and Leonard, JJ.)

Defendants-Appellants Sharon Kehaulani Wise and Blossom Ilima Nihipali appeal from the Judgment and the "Order Approving Report of Commissioner, Confirming Commissioner's Sale of Property at Public Sale, Directing Distribution of Proceeds, For Writ of Possession and For Disposal of Personal Property," both

entered April 29, 2011 in the Circuit Court of the First Circuit[1].

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude this appeal is without merit.

The circuit court did not err in finding Real Party in Interest JP Morgan Chase Bank National Association (Chase) ratified the commencement of proceedings. Wise and Nihipali contend Plaintiff-Appellee Mortgage Electronic Registration Systems, Inc. (MERS), did not have standing to commence foreclosure proceedings. However, MERS submitted a declaration from Chase confirming MERS's actions to date and authorizing MERS to continue proceedings. The circuit court acknowledged Wise and Nihipali's contention that MERS lacked standing, but found Chase addressed those concerns by ratification of the proceedings.

Under Hawai‘i Rules of Civil Procedure (HRCP) 17(a), an action must be commenced by a real party in interest. HRCP 17(a). In the event an action commences under a party deemed not to be the real party at interest, the action shall not be dismissed if the action is timely ratified by the real party in interest. HRCP 17(a). Here, MERS submitted a declaration from Chase ratifying the commencement of proceedings in accordance with HRCP 17(a). The circuit court properly allowed the ratification where such ratification was formal and did not prejudice the defendants. See, Fujimoto v. Au, 95 Hawai‘i 116, 142, 19 P.3d 699, 725 (2001).

The circuit court did not err in finding Chase was the holder of the "Fixed/Adjustable Rate Note (Note)." Wise and Nihipali challenge the Note MERS produced and contend Chase is not the holder of the Note. MERS submitted a copy of the Note as Exhibit A attached to their motion to confirm the sale. The Sr.

---

[1] The Honorable Bert I. Ayabe presided.

Lead Operations Specialist for Chase declared the Note to be a true and accurate copy of the Note in Chase's possession, satisfying Hawaii Revised Statutes (HRS) § 490:3-205(b) (2008 Repl.). HRS § 490:3-205(b) states the bearer of an instrument endorsed in blank becomes the holder of that instrument. The circuit court did not err in finding Chase to be the holder of the Note where Chase bore the Note endorsed by Flexpoint Funding Corporation to Washington Mutual Bank and the blank endorsement by Washington Mutual Bank establishes Chase as the holder of the Note.

Therefore,

IT IS HEREBY ORDERED that the Judgment entered April 29, 2011 and the "Order Approving Report of Commissioner, Confirming Commissioner's Sale of Property at Public Sale, Directing Distribution of Proceeds, For Writ of Possession and For Disposal of Personal Property" also entered April 29, 2011 in the Circuit Court of the First Circuit are affirmed.

DATED: Honolulu, Hawai'i, November 29, 2012.

On the briefs:

Gary Victor Dubin
Frederick J. Arensmeyer
for Defendants-Appellants.

David B. Rosen
and
David E. McAllister
Christian Fenton
(Pite Duncan)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

3